### HODGE *vs.* EASTIN.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The plaintiff, endorser of several notes executed by the defendant, instituted this action, to recover the balance due on them. At the trial, objection was taken that the obligations contained in the petition did not authorise the introduction of the testimony necessary to maintain the plaintiff's right to recover, and he was non-suited.

Evidence may be given that a partner endorsed the note for the firm, altho' it be not averred that the partnership was a commercial one, nor that the partner had authority to administer its affairs.

The petition alleges that the defendant was indebted to the plaintiff, by having executed his promissory notes, payable to the order of Henry E. Fugeman, who endorsed them to the firm of Bargebur, Oehmichen & Co.; and that said firm endorsed them to the petitioner.

On the plainti offering testimony to prove that the endorsement was made in the hand-writing of one of the members of the firm, it was objected that this evidence could not be received, because there was no averment in the petition, that the partner, who had signed in the partnership name, had the administration of its affairs. Proof was then offered, that the firm was a com_ mercial one; and this, also, was objected to, because there was no allegation in the pleadings, that the firm was a commercial one. The court sustained the defendant in both these objections.

We are of opinion it erred. It was sufficient to state the endorsement according to its legal effect. It was not necessary to aver the means by which that effect was produced. Even according to the rules of the English jurisprudence, which, in matters

of pleading, are much more technical than ours, a bill of exchange, accepted by an agent, may be declared on as accepted by the principal. The counsel have endeavored to distinguish that case, and others similar, from this; on the maxim *qui facit per alium, fecit per se.* But we can see no distinction, for if the company sign by a partner who has their authority to bind them, does he not stand precisely in the same light? and do they not do by themselves, what they do by him? An objection somewhat similar to this, was taken in the case of *Oldham* vs. *Croghan,* and overruled by the court. *vol. 3d,* 520. See, also, the cases of *B yd & al. Howard, ibid,* 286, and *Gilly* vs. *Henry,* 8 *Martin* 402.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed—and it is further ordered, adjudged and decreed, that this case be remanded to the district court, with directions to the judge not to refuse the plaintiff permission to prove that the firm of Bargebur, Oehmichen and Co. was a commercial one; and that

HODGE
*vs.*
EASTIN.

the endorsement on the back of said notes, was in the hand-writing of one of the members of said firm. It is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal.

*Brownson* for the plaintiff—*Lesassier, Brown, & Baker* for the defendant.